# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>ADAMS 3, LLC<br><br>    Debtor. | Case No. 22-00205-ELG<br>Chapter 11 |
| YSRTL LLC TES CUSTODIAN<br><br>    Plaintiff<br><br>vs.<br><br>WATERLOO RESCUE, LLC<br><br>    Defendant | Adv. Proc. No. 23-10030-ELG |
| YSRTL LLC TES CUSTODIAN<br><br>    Plaintiff<br><br>vs.<br><br>WATERLOO RESCUE, LLC<br><br>    Defendant | Adv. Proc. No. 23-10033-ELG |

**REPLY TO OPPOSITION TO MOTION TO ABSTAIN AND TO REMAND**

MCNAMEE HOSEA, P.A.
Justin P. Fasano, Esquire (DCB # MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com

*Counsel to YSRTL LLC TES CUSTODIAN*

YSRTL LLC TES CUSTODIAN ("the Movant"), by and through its undersigned counsel, replies to the opposition filed by Waterloo Rescue, LLC (hereinafter referred to as "Defendant" or "Waterloo"), and states as follows:

### I. Mandatory abstention applies

Waterloo raises two objections to mandatory abstention: the existence of diversity jurisdiction, and an assertion that the matters are core. For the reasons set forth below, these objections are invalid.

**A. There is no basis for federal diversity jurisdiction**

There is no diversity in these cases because the District of Columbia is a party. In an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 716 (1973). The doctrine that a state cannot be subject to diversity jurisdiction applies to the District of Columbia. *D.C. v. L. B. Smith, Inc. of Virginia*, 474 F. Supp. 894, 897 (D.D.C. 1979). And the District of Columbia is a required defendant under D.C. Code 47-1371(b)(1)(G).[1]

Further, the amount in controversy is only arguably above $75,000 in one of the removed cases. Even in that case, the complaint is declaratory, seeking to foreclose the right of redemption; it is not seeking monetary damages. Not a dime of the amount on the tax certificate is paid by a Defendant to YSRTL and a judgment would not be entered that orders the defendants to pay YSRTL for those amounts, so the $75,000 threshold is not met for diversity. In fact, the taxes are due and paid from an interested party directly to DC and only the legal fees and expenses are reimbursable to YSRTL, which are capped by statute at $1,500 plus

---

[1] It is unclear if Waterloo is completely diverse from YSRTL as Waterloo has not listed the domicile of each of its members, nor the members of each of its members, and so on.

2

expenses that would never reach anything close to $75,000. Once paid, DC will inform YSRTL that the taxes have been redeemed. If that extrajudicial payment is not made, the only relief the court provides is to declare that the defendants' time to make those payments has expired, that they are barred from redeeming the property, and that they have lost title, conditioned on YSRTL completing the post-judgment action of paying any outstanding taxes that are to DC, which results in a non-judicial deed being issued under DC Code 47-1382.

Because D.C. is not a citizen of any state, these adversary proceedings are not between citizens of different states, as required by 28 U.S.C. § 1332. Further, the amount in controversy does not exceed $75,000 in either case. For the foregoing reasons, diversity jurisdiction would not exist if this action was commenced in federal court. In fact, had it been filed in the United States District Court, YSRTL likely would have been subject to sanction.

### B. The adversary proceedings are not "core."

Core proceedings," as defined in 28 U.S.C. § 157(b)(2), consist of those actions "arising under title 11" or "arising in a case under title 11." *In re Specialty Hosp. of Washington, LLC*, 580 B.R. 302, 308 (D.D.C. 2018)

In this case, there is not even "related to" jurisdiction. This Court has long held that it lacks subject matter jurisdiction to determine the existence of a lien on property that has been removed from the bankruptcy estate. *In re Ostroff*, 433 B.R. 442, 446 (Bankr. D.D.C. 2010). In *Ostroff*, the Debtor sought to file a complaint in Bankruptcy Court invalidate a deed of trust on property that had been exempted. The Bankruptcy Court dismissed the case for lack of subject matter jurisdiction, stating as follows:

> The parties have not attempted to found subject matter jurisdiction on the existence of defenses to the claims that arise under non-bankruptcy law. I conclude that even though the Ostroffs raise a defense under the Bankruptcy Code to American Home's claims for finding a lien exists, subject matter

3

jurisdiction cannot be founded on that basis. As noted above, American Home asks the court to exercise its "equitable powers" to declare its deeds of trust as valid, first and second lien positions against 3210 Volta Place and to require the Ostroffs to execute any and all documents necessary to perfect its liens. The Ostroffs defend on the basis that the discharge injunction of 11 U.S.C. § 524(a) bars a proceeding to impose a lien, which did not exist previously, on 3210 Volta Place. In *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), a party sought to justify removal of a proceeding on the basis that a prior bankruptcy court order barred the removed action. The Court disagreed, concluding that although the defense arose under federal law (the bankruptcy court order), the complaint could not be viewed as asserting a claim based on federal jurisdiction. The Court observed:

We have long held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). A defense is not part of a plaintiff's properly pleaded statement of his or her claim. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

The complaint here addressed only whether the property was free of any lien, a question under District of Columbia law, not under the Bankruptcy Code. In response to the American Home's counterclaim and efforts to impose a lien through equitable powers existing under District of Columbia law, the Ostroffs have raised the defense of the discharge injunction, but a defense is not a basis for finding subject matter jurisdiction. The Ostroffs' complaint did not invoke the discharge injunction, and thus that does not furnish a basis for finding subject matter jurisdiction.

*Ostroff,* 433 B.R. at 444-45.  The well-pleaded complaint rule applies to bankruptcy jurisdiction.

*In re Conseco, Inc.*, 318 B.R. 425, 431 (Bankr. N.D. Ill. 2004).  When an assignee removes a case to this court to enforce post-assignment obligations, even under a sale order, this Court must remand.  *In re Specialty Hosp. of Washington, LLC*, 580 B.R. 302, 312 (D.D.C. 2018)

### **Permissive abstention is appropriate.**

Additionally, permissive abstention is appropriate.  Movant is entitled to have this matter heard on the Superior Court's routine tax lien docket, where the Superior Court has expertise and defined procedures to allow Movant to redeem its certificate.  The Superior Court will certainly have expertise on the appropriate amount of fees and expenses in this case, and whether or not the extraordinary nature of this case requires additional imposition of fees.  The case should be remanded to Superior Court where it can be promptly heard.

WHEREFORE, Movant respectfully requests that this Court apply mandatory abstention, or in the alternative, permissive abstention and equitable relief, to abstain from hearing this adversary proceeding and remand this case to the Superior Court for the District of Columbia, and grant such other relief as it deems appropriate and proper.

Dated:  December 5, 2023            Respectfully submitted,

/s/ *Justin P. Fasano*
McNamee, Hosea, , P.A.
Justin P. Fasano, Esquire (MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com
*Counsel for YSRTL LLC TES CUSTODIAN*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this December 5, 2023, a copy of the foregoing was served by CM/ECF to all parties receiving notice thereby.

*/s/ Justin P. Fasano*
Justin P. Fasano