**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YSRTL LLC TES CUSTODIAN<br>3031 S. Cole Road<br>Boise, ID  83709<br><br>                    Plaintiff,<br>     v.<br><br>WATERLOO RESCUE, LLC, a Virginia Limited<br>Liability Company<br>11350 Random Hills Road, Suite 720<br>Fairfax, VA  22030<br><br>And<br><br>BRADLEY D. JONES, ESQ., Chapter 11 Trustee of<br>the Bankruptcy Estate of Adams 3, LLC<br>STINSON LLP<br>1775 Pennsylvania Ave., NW, Suite 800<br>Washington, DC  20006<br><br>And<br><br>THE DISTRICT OF COLUMBIA<br>Serve: Muriel Bowser, Mayor<br>Attn: Christina Anderson, Correspondence Unit<br>1350 Pennsylvania Avenue, NW #221<br>Washington, DC 20001<br><br>Serve:  Attorney General of the District of Columbia<br>Attn:  Darlene Fields<br>441 4th St. NW<br>Washington, DC 20001<br><br>And<br><br>Any and all unknown owners of the property described below, their heirs, devisees, personal representatives, and executors, administrators, grantees, assigns or successors in right, title, interest, and any and all persons having or claiming any interest in the leasehold or fee simple in the property and premises in the District of Columbia described as **Square: 2551** | Case No. 22-205-ELG<br><br>Chapter 11<br><br>Adv. Case No. 23-10030-ELG |

| | |
|---|---|
| **Lot: 0035, which may also be known as 2406 18th Street, NW, Washington, D.C.** | ) ) ) |
| Defendants. | ) ) |

## AMENDED COMPLAINT TO FORECLOSE THE RIGHT OF REDEMPTION AND FOR OTHER RELIEF

Comes now Plaintiff, by and through its undersigned attorney, who files this action to foreclose the right of redemption on a tax lien Certificate of Sale held by Plaintiff, or alternatively, to compel the Defendants to comply with the Chapter 11 plan in this case, and who states as follows in support thereof:

### JURISDICTION

1. The Superior Court of the District of Columbia had jurisdiction of the subject matter of this action pursuant to D.C. Official Code, §11-921 and §47-1330, *et seq.*, however, pursuant to a Notice of Removal filed by Defendant Waterloo Rescue, LLC, this action has been removed to the United States Bankruptcy Court for the District of Columbia. This Court has determined it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

### PARTIES

2. Plaintiff is the holder of Certificate of Sale ("Certificate") for the property described Square: 2551 Lot: 0035, which may also be known as 2406 18th Street, NW, Washington, D.C. (the "Property").

3. The record owner of the Property is Defendant WATERLOO RESCUE, LLC, a Virginia Limited Liability Company ("Waterloo"), pursuant to a sale conducted by the Chapter 11 Trustee in a pending action against the original owner, Adams 3, LLC, in the United States Bankruptcy Court for the District of Columbia, by Deed recorded on August 2, 2023 and filed in the bankruptcy action on August 9, 2023.

2

4. Defendant Bradley Jones, Esq. is the Chapter 11 Trustee of the Bankruptcy Estate of Adams 3, LLC ("Trustee"), that conveyed the Property to Defendant Waterloo Rescue, LLC without ensuring that it was redeemed under D.C. Code § 47-1330, *et seq.*, necessitating the filing of this action.

5. The remaining Defendants are parties with a record interest in the Property, to be named as Defendants in accordance with Chapter 13A of Title 47 of the D.C. Code, 2001 Ed. (as may be amended), §47-1371(b)(1); parties that may otherwise have an interest in the Property based on Plaintiff's due diligence; and the District of Columbia, which is a required statutory Defendant.

## **FACTS**

6. On or about July 22, 2022, the above-referenced Property was sold at a tax sale auction by Eva M. Liggins, Director, Real Property Tax Administration, under authority conferred upon her by the Chief Financial Officer of the District of Columbia, the Mayor of the District of Columbia and § 47-1345, et seq., of the District of Columbia Code (2001 Ed.). *See* Exhibit 1.

7. In accordance with D.C. Code § 47-1371, Plaintiff certifies, under penalty of perjury, that a search for the necessary defendants and records for at least 40 years immediately prior to filing this action has been performed in accordance with generally accepted standards of title examination of the records of the Recorder of Deeds and probate decisions of the Superior Court.

8. Plaintiff further certifies, under penalty of perjury, that an online bankruptcy records search has been performed for the record owner and the current record owner's name(s) were not found as a debtor in any active case. However, on June 26, 2023, Plaintiff received its title examination, which was reviewed at some time thereafter, and which indicated that the prior

owner, Adams 3, LLC, was the subject of a pending bankruptcy proceeding in this Court. Accordingly, the Complaint herein could not be filed in the ordinary course of the one-year filing deadline (*See* D.C. Code § 47-1355) due to the automatic stay pursuant to §362 of the Bankruptcy Code. However, once the Property was sold and the Deed recorded, it was no longer part of the Bankruptcy estate, providing Plaintiff 30 days to file this action in in accordance with the extension provided in § 108 of the Bankruptcy Code if the Property remained unredeemed.

9. On November 1, 2022, the Debtor filed a petition for Chapter 11 relief in this Honorable Court. See DE #1 in the Main Case. The Debtor never listed YSRTL as a creditor and YSRTL did not receive notices in the Debtor's case.

10. Approximately one month later, a Chapter 11 trustee was appointed to take charge of the Debtor's estate. See DE #41 in the Main Case.

11. Dashco, Inc., a secured creditor of the Debtor, subsequently proposed a plan of reorganization (the "Plan"), pursuant to which the Property was to be transferred to Waterloo (an entity set up Dashco). DE #117-1 in the Main Case at § 4.1.1.

12. In the Plan, Dashco's successor, Waterloo, as the high bidder, agreed to reimburse the Debtor's estate for any priority tax claims in excess of $400,000.00. Id. at § 4.1.4. Specifically, the Plan provided that

> Should the Priority Tax Claims exceed $400,000.00 as of the Confirmation Date, Dashco shall (i) first, have the right to challenge the imposition, calculation, assessment, levying and/or collection of any such taxes, through the initiation of a claim objection or adversary litigation in the Bankruptcy Court, or through such other judicial or quasi-judicial avenues as Dashco may deem fit in its sole and absolute discretion; 9 and (ii) second, within five days of being first apprised of such additional Priority Tax Claims, but not sooner than the fifth day following final resolution of any dispute thereof if such a dispute is initiated within five days of when Dashco is first apprised of such additional Priority Tax Claims, pay to the Chapter 11 Trustee monies equal to the difference between the whole of the Priority Tax Claims and the sum of $400,000.00. For the avoidance of doubt, Dashco shall have no obligation to pay monies to the Chapter 11 Trustee for any taxes attendant to the Real Estate that may

> accrue or otherwise become due and owing on any date after the date on which the sale provided for in Section 4.1 hereof is closed upon, with any such taxes thereafter being an obligation extraneous to this proceeding

`Plan, § 4.1.4.`

13. In acquiring the Property, the Debtor's estate was paid $4,260,000.00, of which $3,700,000.00 was paid through the forgiveness of debt and $560,000.00 was to be paid in cash.

14. On June 6, 2023, this Court entered an order approving the sale of the Property, which stated.

> Dashco agreed that its cash component up to a maximum amount of $400,000.00 would be used to pay accrued real estate taxes, insurance, and any extant liens and utilities applicable to the Properties. *Any other necessary costs to close on the sale of the Properties in amounts above $400,000.00 will be the sole responsibility of Dashco.* Dashco further agreed that the remaining $160,000.00 of its cash component bid will be carved out from the proceeds of its collateral and be used to pay administrative expenses in the amounts to be agreed to by administrative claim holders.

Docket No. 116, ⁋ 5 (emphasis added).

### COUNT ONE – FORECLOSURE OF RIGHT OF REDEMPTION

15. More than six months have elapsed since the tax sale, and the Property has not been redeemed by a person having an interest in it. According to the District of Columbia tax assessment records, available to the public at mytax.dc.gov, a payment was made in connection with the sale of the Property from the Trustee to Waterloo on August 3, 2023, however the amount tendered was insufficient to redeem the Property.[1] Plaintiff filed the Complaint on August 30, 2023, within the extension period to the statute of limitations for filing, as provided in § 108 of the Bankruptcy Code, to avoid forfeiture of the entire amount paid for the Certificate, which would have occurred

---

[1] In order to redeem, D.C. Code § 47-1361 requires the current tax balance to be paid to an amount under $100.

on or about September 3, 2023. Had the Complaint not been filed, the Certificate would have become void under D.C. Code 47-1355 and all monies paid forfeited to the District of Columbia.

16. On September 7, 2023, someone made a tax payment that brought the taxes current for redemption purposes.[2] However, once the Complaint was filed, additional amounts became due to redeem the Property, which have not been paid, which include Plaintiff's legal fees and expenses pursuant to D.C. Code § 47-1361(a)(6A)("Where an action to foreclose the right of redemption has been properly filed, the person redeeming shall pay directly to the applicable purchaser all expenses to which the purchaser is entitled to reimbursement under § 47-1377(a)(1)(B).").

17. Despite the taxes now being paid after filing of the Complaint, Plaintiff is entitled to maintain this action until the legal fees and expenses are paid to complete redemption of the Property, under D.C. Code § 47-1361(d)(2)("If a complaint under § 47-1370 has been properly filed, a purchaser may continue to prosecute the complaint until receipt of the expenses owed to the purchaser and payable to the purchaser by the redeeming party as set forth in subsection (a)(6A) of this section, but shall dismiss the complaint upon receipt thereof.").

18. At the time that the Property was conveyed from the Trustee to Waterloo, the Bankruptcy Court had ordered that all real estate taxes were to be paid in full from the sale of the Property. The Trustee failed to ensure that the real estate taxes were properly paid[3] and, upon information and belief, Waterloo appears to have failed to tender sufficient funds to the Trustee to

---

[2] Upon information and belief, both the Trustee and Waterloo deny making this payment.

[3] The Trustee has claimed in filings before this Court that he paid the taxes based on a Proof of Claim filed by the District of Columbia. However, the proof of Claim includes a claim form (Exhibit A) that states on its face that it is a statement of the Pre-Petition Tax and that there may be interest or other charges in addition to the principal amount of the claim. The attached itemization did not include real property taxes accrued in 2023 whatsoever, therefore it was known (or it should have been known) that the payment was insufficient to pay the real property taxes to under a $100 balance.

pay all of the outstanding taxes. Had the taxes been paid as required by the Bankruptcy Court, the Certificate would have been redeemed before the Complaint was filed and this action would not exist.

19. The Trustee and/or Waterloo now have a duty to redeem the Property and cannot take advantage of the free and clear transfer of title that was ordered, when they breached that Order themselves. *See* Dashco Plan of reorganization, DE #117-1 § 4.1.4.. Put another way, Waterloo should not be allowed to wipe out a senior lien held by the Plaintiff by violating an order of the Bankruptcy Court by its failure to satisfy the lien.

20. According to the assessment and taxation records of the District of Columbia, the Property is Commercial, classified as "Class 2" by the District of Columbia.

21. In accordance with D.C. Code § 47-1353.01, Plaintiff has posted a notice on the Property more than forty-five (45) days prior to filing this Complaint. *See* Affidavit of Pre-Complaint Posting, attached hereto as Exhibit 2.

22. Pursuant to D.C. Code §47-1360, any person having an interest in the Property may redeem the Property at any time until the foreclosure of the right of redemption is final by paying the amounts specified in D.C. Code § 47-1361.

23. Any interest or lien, which any of the Defendants herein has or claims to have in or upon the Property or some part thereof, is subject to the Certificate.

24. The sum of money necessary to redeem the Property at the time the original Complaint was filed included all taxes listed on the Certificate as due to the District of Columbia, less surplus, in the amount of $66,832.26, together with interest from the date the Property was sold; court costs and attorneys' fees to compensate the Certificate holder; expenses incurred in the publication, service of process and notice by all means; reasonable fees for title searches; and any and all other

amounts paid by the Plaintiff in accordance with the provisions of D.C. Code, §§ 47-1361 and 47-1377 (2001 ed.), as well as <u>all</u> outstanding real property taxes, BID taxes, vault rents, and certified municipal lien amounts due and owing on the Property, whether assessed prior or subsequent to the filing of this action, in order to bring the Property current on its outstanding taxes.

25. As of the date that the Complaint was filed, the District of Columbia had not provided a notice of redemption as required by D.C. Code § 47-1361(d), or a notice that the Certificate is void or has been cancelled. To the extent that any adjustment to the account or after-acquired information reveals that the property was redeemed prior to filing or is otherwise void or should be cancelled in the opinion of the District of Columbia, Plaintiff has detrimentally relied on information provided by the District of Columbia, or lack thereof, and seeks monetary damages against the District of Columbia for violation of the statute, for negligence, and for conversion to the extent any amounts due to Plaintiff are wrongfully held by the District of Columbia.

26. In accordance with D.C. Code §47-1370(e), and upon issuance of a Civil Action case number by the Clerk of the Court, Plaintiff provided notice of the Complaint to the Chief Financial Officer and the Real Property Tax Ombudsman, by e-mail, respectively, to taxsale@dc.gov and realpropertytax@dc.gov, and electronically using OTR's online portal at MyTax.DC.gov. in accordance with applicable regulations.

27. If the Trustee and/or Waterloo do not intend to comply with the Court's requirement that the priority tax lien be redeemed, then the transaction should be unwound.

28. The Trustee is added as a party Defendant to this Amended Complaint as Plaintiff seeks to compel him to redeem the Property and to comply with the confirmed chapter 11 plan.

**WHEREFORE**, Plaintiff respectfully requests:

A. That a Summons be issued to all Defendants, commanding them to appear in this Court on

the date named therein to Answer this Amended Complaint and/or redeem the Property or , and, in the case of their failure to do so, receive a final order foreclosing all rights of redemption in the Property;

    B.  That an Order of Publication be issued directed to all persons having an interest in the Property;

    C.  That, in the event of redemption, Plaintiff be refunded the amounts to which it is entitled from the District of Columbia, including the amount paid for the Certificate with interest as allowed by statute, the amount of any subsequent taxes, interest, and penalties paid by the Plaintiff with interest as allowed by statute, as well as reimbursement for pre-complaint expenses and other amounts that may be due pursuant to the statute;

    D.  That the Plaintiff be awarded attorney's fees and costs pursuant to D.C. Code § 47-1377, and may have such other and further relief as the nature of this case may require;

    E.  That, if the Property is not redeemed prior to entry of judgment and the post-judgment equity distribution requirements of D.C. Code §47-1382.01 must be met, a trustee is appointed to sell the Property consistent with the Rules of this Court;

    F.  That, if the trustee's appointment is rescinded by the Court, or if D.C. Code §47-1382.01 is not applicable and the Property has not been redeemed, a final judgment be entered that forecloses the right of redemption of the defendants and any and all other interested parties to the Property and directs the Mayor of the District of Columbia to execute and deliver a Deed transferring the Property, and any uncontested equity in the Property, to the Plaintiff in fee simple upon payment to the Mayor of the amount required under Chapter 13A of Title 47 of the D.C. Code, 2001 Ed., §47-1382, and directing the Mayor to enroll the Plaintiff in fee simple as the owner of the Property;

G. That this Honorable Court vests in the Plaintiff absolute and indefeasible title, one hundred percent fee simple, in and to the real property, barring all rights of redemption and claims to any equity in the Property, foreclosing any and all prior or subsequent descents or alienations of the property herein described, and all encumbrances thereon, except easements, taxes and other municipal liens accruing subsequent to the date of the attached Certificate as may be due pursuant to the relevant statute;

H. That, after issuance of a deed to Plaintiff, the Court enter an Order directing the Defendants and all persons claiming by, through, or under them to deliver up to the Plaintiff the possession of the Real Property.

I. That, in the event that the District of Columbia later determines that the Property was redeemed or cancelled prior to the date of filing, Plaintiff be awarded monetary damages, including costs, attorney fees, and interest on all monies held by the District of Columbia.

J. In the alternative, if it is determined that Plaintiff no longer has an enforceable lien against the Property based on its Certificate, and that it is not entitled to be made whole by the Trustee or by Waterloo, that the Court order the District of Columbia to set aside the sale pursuant to D.C. Code § 47-1380 and in accordance with *Rupsha 2007, LLC v. Kellum*, 32 A.3d 402, 406 (D.C. 2011), including reimbursement of legal fees and expenses in an amount to be determined at trial.

**COUNT II – TO COMPEL TRUSTEE AND WATERLOO TO COMPLY WITH THE PLAN**

29. In the alternative, if it is determined that Plaintiff no longer has an enforceable lien against the Property based on its Certificate, that Plaintiff be awarded monetary damages, in an amount to be determined at trial, from the Trustee based on his failure to comply with the Chapter 11 plan.

30. Under the Plan, the Trustee and/or Waterloo were required to pay all taxes at closing.

31. The Trustee and/or Waterloo failed to pay all taxes at closing

32. As a result of the failure to pay all taxes at closing, Plaintiff incurred costs and expenses that were required to be paid before the property could be redeemed

33. The Trustee and/or Waterloo should be required to pay all expenses incurred by Plaintiff in connection with the enforcement of its rights to collect expenses incurred in connection with the collection of taxes.

Dated: January 4, 2024         Respectfully submitted,

/s/ *Justin P. Fasano*
McNamee, Hosea, , P.A.
Justin P. Fasano, Esquire (MD21201)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com
*Counsel for YSRTL LLC TES CUSTODIAN*

**CERTIFICATE OF SERVICE**

I hereby certify that on this January 4, 2024, a copy of the foregoing was served by CM/ECF to all parties receiving notice thereby.

*/s/ Justin P. Fasano*
Justin P. Fasano