**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General**
  **for the District of Columbia**
**400 6th Street, N.W.**
**Washington, DC 20001**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of** | |
| **ADAMS 3, LLC,** | Case No. 22-00205-ELG |
| Debtor. | Chapter 11 |
| **YSRTL LLC TES CUSTODIAN,** | |
| Plaintiff, | |
| v. | |
| **WATERLOO RESCUE, LLC,** | Adversary Proceeding No. 23-10030-ELG |
| Defendant, | |
| and | |
| **BRADLEY D. JONES, ESQ.,** | |
| Defendant, | |
| and | |
| **THE DISTRICT OF COLUMBIA,** | |
| Defendant, | |

|  | ) |
| --- | --- |
| **Any and all unknown owners of the** | ) |
| **property described below, their heirs,** | ) |
| **devisees, personal representatives,** | ) |
| **grantees, assigns or successors in right,** | ) |
| **title, interest, and any and all persons** | ) |
| **having or claiming any interest in the** | ) |
| **leasehold or fee simple in the property** | ) |
| **and premises in the District of Columbia** | ) |
| **described as Square: 2551 Lot: 0035,** | ) |
| **which may also be known as 2406 18th** | ) |
| **Street, NW, Washington, D.C.** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## AMENDED ANSWER OF THE DISTRICT OF COLUMBIA

**COMES NOW** the District of Columbia ("District"), by and through counsel, the Office of the Attorney General for the District of Columbia, and answers the Amended Complaint filed in this Adversary Proceeding as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

At all times herein, Defendant acted reasonably and lawfully, in accordance with all applicable constitutional, statutory, regulatory, and other legal requirements of any kind.

### Third Defense

Defendant is immune from liability under the public duty, discretionary function, judicial, qualified, good faith, absolute, and/or governmental immunity doctrines.

**Fourth Defense**

All actions performed by the District of Columbia, its officials, employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care and any contractual obligation.

**Fifth Defense**

Defendant reserves the right to rely on any other defenses which may become available through further investigation or discovery, as well as the right to withdraw any defenses previously raised herein, or to amend any responses to demonstrate that there is no basis for said defense or response to such allegations.

**Sixth Defense**

Plaintiff failed to comply with the requirements of Fed. R. Bankr. P. 7004(b)(6) and 9014, and Super. Ct. Civ. R. 4(j). in serving the District.

**Seventh Defense**

Answering the allegations contained in the Amended Complaint, paragraph by paragraph, Defendant District of Columbia admits and denies or otherwise answers as follows:

1. Defendant states that with regard to the references to various statutory provisions cited in Paragraph 1, the statutory provisions speak for themselves, but denies that subject matter jurisdiction is conferred thereby.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4. The referenced statutory provision speaks for itself.

5. Defendant admits the allegations contained in Paragraph 5. The referenced statutory provision speaks for itself.

6. Defendant admits the allegations contained in Paragraph 6. The referenced document and statutory provision speak for themselves.

7. The referenced statutory provision speaks for itself. Defendant neither admits nor denies the allegations contained in Paragraph 7, as Defendant has insufficient information as to whether Plaintiff performed the referenced search or whether the search conformed to the applicable standards.

8. Defendant neither admits nor denies the allegations contained in Paragraph 8, as Defendant has insufficient information as to whether Plaintiff conducted the referenced bankruptcy search, whether that search conformed with applicable standards, or what actions Plaintiff took in response to a title examination.  The referenced statutory provisions speak for themselves.

9. Defendant states that with regard to the allegations contained in Paragraph 9, the record of the bankruptcy proceeding of Debtor and the record at mytax.dc.gov speak for themselves.

10. Defendant states that with regard to the allegations contained in Paragraph 10, the record of the bankruptcy proceeding of Debtor speaks for itself.  Further, the referenced statutory provisions speak for themselves.

11. Defendant states that with regard to the allegations contained in Paragraph 11, the record of the bankruptcy proceeding of Debtor speaks for itself.  Further, the referenced statutory provisions speak for themselves.

12. Defendant states that with regard to the allegations contained in Paragraph 12, the record of the bankruptcy proceeding of Debtor speaks for itself.

13. Defendant states that with regard to the allegations contained in Paragraph 13, the record of the bankruptcy proceeding of Debtor speaks for itself. Further, Defendant neither admits nor denies the allegations contained in Paragraph 13 since they call for legal conclusions.

14. Defendant states that with regard to the allegations contained in Paragraph 14, the record of the bankruptcy proceeding of Debtor speaks for itself. Further, Defendant neither admits nor denies the allegations contained in Paragraph 14 since they call for legal conclusions.

15. Defendants states that with respect to the allegations contained in Paragraph 15, whether and when a real property is redeemed from tax sale is a question of law to which no response is required. Defendant admits that its records show a payment made toward the real property taxes for the subject property on August 3, 2023, and that a real property tax balance remained due and owing following that payment. Defendant further admits Plaintiff filed its complaint in the Superior Court on August 30, 2023. The referenced statutory provisions speak for themselves.

16. Defendant states that with respect to the allegations contained in Paragraph 16, whether and when a real property is redeemed from tax sale is a question of law to which no response is required. Defendant admits that its records reflect a payment made toward the real property taxes for the subject property on September 7, 2023, that fully satisfied the taxes at that time. Further, Defendant neither admits nor denies the allegation that the closing was conducted without a professional title company as Defendant has insufficient information. The referenced statutory provisions speak for themselves.

17. Defendant states that Paragraph 17 constitutes a statement of law to which no response is required. The referenced statutory provisions speak for themselves.

18. Defendant states that the Bankruptcy Court's order speaks for itself. The referenced statutory provisions speak for themselves. Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 18.

19. Paragraph 19 constitutes a statement of law to which no response is required. The record of the bankruptcy proceeding of Debtor speaks for itself.

20. Defendant admits the allegations contained in Paragraph 20.

21. Defendant states that the referenced document and statutory provision speak for themselves.

22. Paragraph 22 is a statement of law to which no response is required.

23. Paragraph 23 is a statement of law to which no response is required.

24. Paragraph 24 is a statement of law to which no response is required.

25. Defendant admits that it did not provide any of the referenced notices to Plaintiff as of the date the Complaint was filed in Superior Court. Defendant denies the remainder of the allegations contained in Paragraph 25.

26. Defendant admits it was notified of the foreclosure action filed by Plaintiff in the Superior Court in the manner stated in Paragraph 26. The referenced statutory provision speaks for itself.

27. Paragraph 27 constitutes a prayer for relief to which no response is required.

28. Defendant admits the Trustee is a named defendant in the Amended Complaint, but it has insufficient information to admit or deny Plaintiff's intent or motivation in doing so.

A. to J. Paragraphs A through J constitute prayers for relief to which no response is required.

29. Paragraph 29 constitutes a prayer for relief to which no response is required.

30. Defendant states that the Plan speaks for itself.

31. Defendant admits that the real property taxes for the subject property were not paid in full at the time of the closing.

32. Defendant neither admits nor denies the allegations contained in Paragraph 32, as it has insufficient information at this time as to any costs or expenses that may have been incurred by Plaintiff.

33. Paragraph 33 constitutes a prayer for relief to which no response is required.

Defendant denies each and every other allegation contained in the Amended Complaint that has not herein been expressly admitted or denied.

Date: February 9, 2024.

    Respectfully submitted,

    BRIAN L. SCHWALB
    Attorney General for the District of Columbia

    DAVID FISHER
    Deputy Attorney General
    Commercial Division

    /s/ William Burk
    WILLIAM BURK, DC Bar No. 464349
    Section Chief

    /s/ Nancy L. Alper
    NANCY ALPER, MD Bar No. 04221
    Senior Assistant Attorney General
    Land Acquisition and Bankruptcy Section
    441 4th Street, N.W., Suite 1010S
    Washington, DC  20001
    (202) 724-8122

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Answer of the District of Columbia* was filed and served electronically using the Court's ECF System on 9TH day of February, 2024:

          /s/ Nancy L. Alper
          Nancy L. Alper